IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TUNA PROCESSORS, INC., | ) | CIV. NO. 05-00517 BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF |
| vs. | ) | TUNA PROCESSORS, INC.'s |
| | ) | MOTION TO DISQUALIFY |
| HAWAII INTERNATIONAL | ) | CADES SCHUTTE LLP AND/OR |
| SEAFOOD, INC., | ) | MARTIN HSIA AS TRIAL |
| | ) | COUNSEL FOR DEFENDANTS |
| Defendant/Counterclaim | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILLIAM R. KOWALSKI, | ) | |
| | ) | |
| Additional Counterclaim | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TUNA PROCESSORS, INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF TUNA PROCESSORS, INC.'s MOTION TO
DISQUALIFY CADES SCHUTTE LLP AND/OR MARTIN HSIA AS
<u>TRIAL COUNSEL FOR DEFENDANTS</u>

Before the court is Plaintiff Tuna Processors, Inc.'s Motion to

Disqualify Cades Schutte LLP and/or Martin Hsia as Trial Counsel for Defendants

("Motion"). This Motion was heard September 8, 2006. After careful

consideration of the Motion, all supporting and opposing documents, and arguments of counsel, Plaintiff's Motion is hereby DENIED.

## FACTUAL BACKGROUND

Plaintiff Tuna Processors, Inc. ("TPI") owns U.S. Patent 5,484,619, titled "Method for Curing Fish and Meat by Extra-Low Temperature Smoking" and originally issued to Kanemitsu Yamaoka on January 16, 1996 ("Yamaoka Patent"). Defendant and Counterclaim Plaintiff Hawaii International Seafoods, Inc. ("HISI") sells fish that has been cured through low temperature smoking. Counterclaim Plaintiff William R. Kowalski is President of HISI. On October 26, 1999, Kowalski was awarded U.S. Patent 5,972,401, titled "Process for Manufacturing Tasteless Super-Purified Smoke for Treating Seafood to be Frozen and Thawed" ("Kowalski Patent").

TPI has sued HISI for infringement of the Yamaoka Patent. HISI is represented by the firm of Cades Schutte in this matter. Martin Hsia, a partner at Cades Schutte, is one of two counsels of record for HISI in this case. Martin Hsia also represented Mr. Kowalski in the prosecution of the Kowalski Patent.

TPI asserts that at trial, it intends to argue that "Mr. Hsia misrepresented matters to the USPTO, failed to reveal pertinent information to the USPTO, and participated in active deception" in prosecuting the Kowalski Patent.

2

(Pl.'s Mem. Supp. Mot. 3.)  Thus, TPI now moves that Mr. Hsia and Cades Schutte be disqualified as trial counsel on the grounds that they will be necessary witnesses.

## LEGAL STANDARD

Hawaii Rule of Professional Conduct 3.7(a) provides that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>  (1) the testimony relates to an uncontested issue;
>  (2) the testimony relates to the nature and value of legal services rendered in the case; or
>  (3) disqualification of the lawyer would work substantial hardship on the client.
> (b) a lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

H.R.P.C. Rule 3.7.  Rule 1.7 prohibits a lawyer from representing a client "if the representation of that client will be directly adverse to another client."  H.R.P.C. Rule 1.7(a). Rule 1.9 prohibits a lawyer from representing a client whose interests are adverse to those of a former client.  H.R.P.C. Rule 1.9.

## DISCUSSION

TPI argues that Mr. Hsia will be a necessary witness at trial, and thus should be disqualified from representing HISI.  TPI further argues that Cades Schutte should also be disqualified under Rule 3.7(b) because "Cades Schutte will

be placed in the conflicting position of acting as counsel for both its clients and itself." (Pl.'s Mem. Supp. Mot. 7.)

HISI raises a number of points in opposition; two of them are particularly persuasive.  First, HISI argues that Mr. Hsia is not a necessary witness because his statements to the patent office during the prosecution of the Kowalski Patent were legal arguments, and so cannot constitute inequitable conduct.  Regardless of what Mr. Hsia knew or did not know about the Yamaoka Patent and other prior art, his interpretation of other smoking processes in prosecuting the Kowalski Patent were legal arguments, susceptible to independent evaluation and determination by the United States Patent Office.  See Azko v. U.S. Int'l Trade Comm'n, 808 F.2d 1471, 1481-82 (Fed. Cir. 1986) ("The mere fact that Du Pont attempted to distinguish the Blades process from the prior art does not constitute a material omission or misrepresentation.  The examiner was free to reach his own conclusion regarding the Blades process based on the art in front of him.); Purdue Pharma L.P. v. Boehringer Ingelheim GmbH, 98 F.Supp.2d 362, 393 (S.D.N.Y., 2000), *aff'd and remanded* 237 F.3d 1359 (Fed. Cir. 2001) (stating that "the Patent Office is undoubtedly competent to determine and to apply the law in proper fashion, regardless of what legal arguments a party does or does not raise).

Second, HISI argues that Mr. Hsia will not be a necessary witness because the patent at issue in this case is not the Kowalski Patent, but the Yamaoka Patent.  Any possible fraud in the prosecution of the Kowalski Patent has no effect on determining whether HISI's suppliers used smoke that infringed on the Yamaoka Patent.  See Vaupel Textilmaschinen KG v. Meccanica Euro Italia, 944 F.2d 870, 879 n.4 (Fed. Cir. 1991) ("the existence of one's own patent does not constitute a defense to the infringement of someone else's patent").  Neither Mr. Hsia nor Cades Schutte will be a necessary witness at trial; thus, H.R.P.C. Rule 3.7 does not apply.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for Disqualification of Cades Schutte and/or Martin Hsia.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: October 18, 2006

Tuna Processors, Inc. v. Hawaii International Seafood, Inc., ORDER DENYING PLAINTIFF TUNA PROCESSORS INC.'S MOTION TO DISQUALIFY CADES SCHUTTE LLP AND/OR MARTIN HSIA AS TRIAL COUNSEL FOR DEFENDANTS ; CV NO. 05-00517 BMK.