IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TUNA PROCESSORS, INC., | ) | CIV. NO. 05-00517 BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO STRIKE |
| v. | ) | |
| | ) | |
| HAWAII INTERNATIONAL SEAFOOD, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILLIAM R. KOWALSKI, | ) | |
| | ) | |
| Additional Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TUNA PROCESSORS, INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

Before the Court is Plaintiff Tuna Processors, Inc.'s motion to strike

Defendant and Counterclaim Plaintiff Hawaii International Seafood, Inc. and

Counterclaim Plaintiff William R. Kowalski's motion for reconsideration, and

certain exhibits related to the motion for reconsideration. After careful consideration of the motion and supporting and opposing memoranda, Plaintiff's motion to strike is hereby DENIED. Plaintiff will be granted an additional 30 days to submit evidence contradicting or impeaching Defendant and Counterclaim Plaintiffs' Exhibit 6.

PROCEDURAL HISTORY

Plaintiff Tuna Processors, Inc. ("TPI") has filed a patent infringement action against Defendant Hawaii International Seafood, Inc. ("HISI"). TPI owns U.S. Patent 5,484,619, titled "Method for Curing Fish and Meat by Extra-Low Temperature Smoking and originally issued to Kanemitsu Yamaoka on January 16, 1996 ("Yamaoka Patent"). HISI distributes smoked fish, much of which is cured with smoke produced by Frescomar, a Philippines corporation.

On June 23, 2006, HISI and Counterclaim Plaintiff William R. Kowalski ("Kowalski"), the president of HISI, moved for partial summary judgment and claim construction with respect to all HISI product cured with Frescomar smoke. HISI and Kowalski requested (1) judgment that Frescomar smoke is produced in a way that does not infringe on the Yamaoka Patent, and (2) a judgment barring TPI from asserting the doctrine of equivalents with respect to Frescomar smoke.

On October 17, 2006, the Court denied HISI and Kowalski's motion for partial summary judgment.  Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc., No. 05-517 (D. Haw. Oct. 17, 2006) (order denying request for claim construction and partial summary judgment) (hereinafter "October 17 Order").

On October 31, 2006, HISI and Kowalski filed a motion requesting that the Court reconsider its October 17 Order.  The motion for reconsideration cites new evidence not previously before the Court; namely, evidence related to the September 13 inspection of the Frescomar plant and Frescomar's burn records for the past two years.  TPI contends that this evidence violates the Federal Rules of Civil Procedure and that HISI and Kowalski should be precluded from relying on this evidence.

On these grounds, TPI filed the present motion to strike HISI and Kowalski's motion for reconsideration, or, in the alternative, to strike Exhibits 2 through 6.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that parties must initially disclose "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or

defenses, unless solely for impeachment." Fed. R. Civ. P. 26(a)(1)(B). Parties may also obtain discovery of additional information by written interrogatories or specific requests for production. Fed. R. Civ. P. 26(a)(5). In addition, parties are obligated to supplement both their initial disclosures and subsequent productions when new information or documents become available, or when a party learns that its previous response was incomplete or incorrect. Fed. R. Civ. P. 26(e).

When a party fails to disclose information as required by Rule 26, the party "is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The court may also, "in addition to or in lieu of this sanction . . . impose other appropriate sanctions." Id. District courts have a "particularly wide latitude" of discretion to issue sanctions under Rule 37(c)(1). Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 ( 9th Cir. 2001).

The failure to properly disclose is harmless where there is no prejudice to the opposing party. See Vild v. United States, 187 F.3d 651 (9th Cir. 1999) (unpublished table decision) (finding that there was no violation of Rule 37(c)(1) where the plaintiff "was provided copies of the documents shortly after they were created and he failed to demonstrate prejudice arising from the United States' failure to disclose this information earlier"). There is generally no

4

prejudice where the untimely evidence does not raise any new issues in the case. See <u>Mansoor v. M/V Zaandam</u>, No. C05-1027P, 2006 WL 2222332 (W.D. Wash., Aug. 2, 2006) (stating that a failure to disclose an expert witness might be harmless if the opposing party "had a reasonable opportunity to prepare for cross examination and to arrange for expert testimony from other witnesses *on that issue*") (emphasis added).  In addition, the absence of bad faith or gamesmanship in the failure to disclose also weighs against the imposition of sanctions.  See <u>Johnson v. Sacramento County</u>, No. 06-0169, 2007 WL 127799 (E.D. Cal. Jan. 12, 2007) (stating that one "cannot read the 'harmless' or 'lesser sanctions' exceptions out of the enforcement rule, Rule 37(c)(1), especially where the failure to disclose is not accompanied by gamesmanship, bad faith, or deliberate disobedience of a court order").

## DISCUSSION

### I.  MOTION TO STRIKE

TPI argues that HISI and Kowalski have "failed to comply with the disclosure requirements of the Federal Rules of Civil Procedure," and have filed "misleading and evasive disclosures" which they have "fail[ed] to correct or rectify." (Mem. Supp. Mot. to Strike 14.)  TPI requests that sanctions be granted against HISI, Kowlaski, and their counsel, and that the Court strike HISI and

Kowalski's motion for reconsideration, or in the alternative, strike their Exhibits 2, 3, 4, 5, and 6.[1]

      A.  <u>Request to Strike All Evidence Related to the Frescomar Inspection</u>

First, TPI first argues that "all evidence related to the Frescomar inspection should be stricken or disregarded due to spoliation of material evidence." (Mem. Supp. Mot. to Strike 14). The spoliation TPI refers to is the destruction of Frescomar smoke samples taken by TPI's Philippines counsel. This destruction of evidence, however, was done pursuant to the order of the Philippines judge presiding over the inspection. Moreover, while evidence of the chemical composition of Frescomar smoke is contained in the disputed exhibits, this evidence is irrelevant to HISI and Kowalski's motion to reconsider. HISI and Kowalski do not seek to use any evidence of their tasteless smoke's chemical content, and TPI has not shown how chemical analysis of Frescomar smoke would serve to impeach any of the evidence presented by HISI and Kowalski. The Court will not strike all evidence related to the Frescomar inspection just because

---

[1] Of these five contested exhibits, three of them relate to the inspection of the Frescomar processing facility in the Philippines on September 13, 2006: Exhibit 3 is a partial transcript of the inspections; Exhibit 4 consists of a series of annotated photographs of the inspection, interspersed with selected portions of the transcript, Exhibit 5 is an edited video recording of the September 13 inspection. Two exhibits are not related to the September 13 inspection: Exhibit 2 is Frescomar's Philippines Articles of Incorporation and Exhibit 6 consists of temperature records for Frescomar smoke production from December 15, 2004 through August 31, 2006.

irrelevant evidence was destroyed pursuant to the order of a Philippines court.

  B.  <u>Request to Strike Exhibits 3, 4, and 5 as Misleading, Evasive, and Incomplete</u>

In the alternative, TPI requests that Defendants' Exhibits 3, 4, and 5 be stricken on the grounds that they are "misleading, evasive, and incomplete." (Mem. Supp. Mot. to Strike 8-9). All three of these exhibits are technically "incomplete" as they have been edited to highlight those aspects of the underlying information most helpful to HISI and Kowalski's case. Just because they are incomplete does not mean that they are evasive or misleading, however. Neither TPI nor the Court appear to have been actually misled by these documents in any way. In fact, it would be hard to imagine that TPI could have been misled by them, since it was represented by counsel at the underlying inspection from which Exhibits 3, 4, and 5 are derived. Moreover, HISI and Kowalski have remedied any possible shortcomings by submitting the underlying unedited documents to TPI and the Court. (<u>See</u> Reply Mem. in Supp. Mot. to Reconsider, Ex. 16; Reply Mem. in Supp. Mot. to Reconsider, Ex. 17).

  C.  <u>Request to Strike Exhibits 2 and 6 as Untimely Produced</u>

Finally, TPI argues that the Court should strike HISI and Kowalski's Exhibits 2 and 6 under Rule 37(c)(1) because of their untimely production. TPI claims that both Frescomar's Articles of Incorporation as well as Frescomar's burn

records are materials that should have been initially disclosed to TPI under Rule 26. Even if they need not have been initially disclosed, TPI contends that these documents fell within TPI's Request for Production number seven, which requested:

> All documents relating to any current or past disputes (including those not currently in litigation), involving HIS and/or William Kowalski, but in the U.S. or elsewhere regarding, related to, or involving (1) the Yamaoka Patent, (2) tasteless smoke, or (3) any other method of treating fish with any for [sic] of smoke, gas or fluid containing carbon monoxide.

(Mem. Supp. Mot. to Strike 12.) TPI argues that even if these documents were not in HISI's control at the time the initial disclosures were made, or at the time of the request for production, HISI still had an ongoing obligation to supplement its disclosures and productions. See F.R.C.P. 26(e).

This is TPI's strongest argument, and the Court agrees that Exhibits 2 and 6 ought to have been provided to TPI prior to HISI and Kowalski's motion to reconsider. Notwithstanding this failure, however, the Court will not strike Exhibits 2 and 6. Courts have a "particularly wide latitude" of discretion with respect to Rule 37(c)(1), Yeti by Molly, Ltd., 259 F.3d at 1107, and may "impose other appropriate sanctions" in lieu of disallowing use of the untimely evidence. Fed. R. Civ. P. 37( c )(1). More importantly, the use of untimely evidence is not disallowed where the failure to properly disclose it is harmless. Fed. R. Civ. P.

37(c)(1).  Here, the Court finds (1) that the failure to disclose Exhibits 2 and 6 was harmless and, (2) that striking these exhibits would impose an unnecessarily drastic sanction on HISI and Kowalski.

First, the Court finds that the failure to disclose Exhibit 6 prior to the motion to reconsider has not actually harmed TPI.  The burn records of Exhibit 6 are not submitted in support of a new legal theory, but to substantiate HISI's long-held statements about the temperatures at which the Frescomar plant produces smoke.   TPI has long known that the burn temperatures of the Frescomar plant were at issue in this case, even if it did not have the actual data at that time.  Moreover, TPI has now had these burn records in its possession for over three months, affording it ample opportunity to analyze and impeach the data.  The Court will further allow TPI thirty additional days to submit any new arguments or evidence contradicting or impeaching the Frescomar burn records before it decides TPI's Motion to Reconsider.

Second, the Court finds that striking Exhibit 6 would impose an overly harsh sanction on HISI and Kowalski, since evidence of Frescomar's burn temperatures is crucial to HISI's defense of the infringement action.  While the Court recognizes that it would be within its discretion to strike Exhibit 6 notwithstanding its importance to HISI's defense, the Court also acknowledges the

9

Ninth Circuit's longstanding policy encouraging courts to decide cases on the merits whenever possible.  See Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985) (stating that "[w]henever it is reasonably possible, cases should be decided on the merits).

With respect to Exhibit 2, Frescomar's Articles of Incorporation, the Court similarly finds that TPI has not been harmed by the untimely disclosure. HISI and Kowalski do not appear to rely on this document in support of their motion for reconsideration, so its late production cannot harm TPI at this stage. Thus, the Court finds that the untimely disclosure of Exhibits 2 and 6 was harmless, and it will consider them in ruling on HISI and Kowalski's motion for reconsideration.

## II.  MOTION TO RECONSIDER

The Court is inclined to partially grant HISI and Kowalski's motion to reconsider and is prepared to order partial summary judgment in favor of HISI and Kowalski.  Specifically, the Court is prepared to find that with the new evidence before it, including the burn records that comprise Exhibit 6, that there is no genuine issue of material fact regarding the temperatures at which the Frescomar plant can and does produce smoke.  The video footage of the inspection unequivocally shows that the Frescomar plant is capable of producing smoke at

temperatures above 600° C, and the burn records show that this has been Frescomar's actual practice.  All that TPI has submitted to contradict this direct evidence is HISI's 1999 GRAS Notification Summary on its Cryofresh website.  Even when viewed in the light most favorable to TPI, this 1999 GRAS Notification is insufficient to create a genuine issue of material fact regarding the temperature at which Frescomar smoke is produced.

Now that HISI and Kowalski have established that Frescomar smoke is produced at temperatures greater than 600° C, the Court is prepared to rule that the Frescomar smoke production process is not equivalent to the process claimed by the Yamaoka patent.  Whether the scope of the Yamaoka Patent is limited to its specific claimed numerical range of 250° - 400°C, or whether the doctrine of equivalents might broaden that range, a process for producing smoke at temperatures greater than 600° C is not equivalent to a process for producing smoke at temperatures between 250°C and 400° C.  Therefore the Court is inclined to grant partial summary judgment in favor of HISI and Kowalski with respect to all fish processed with Frescomar smoke.

However, the Court recognizes that Exhibit 6 was not timely disclosed to TPI.  In order to make certain that TPI has not been harmed or prejudiced by this late disclosure, the Court will grant TPI an additional 30 days to supplement its

11

memorandum in opposition to HISI and Kowalski's motion to reconsider. The Court will consider only evidence and arguments that contradict or impeach Frescomar's burn records compiled in Exhibit 6. The Court will not consider any evidence or arguments on any other topics, nor will it accept any rebuttal arguments from HISI and Kowalski. After considering any new evidence presented by TPI, the Court will issue an order on HISI and Kowalski's motion to reconsider.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike is hereby DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: February 5, 2007

Tuna Processors, Inc. v. Hawaii International Seafood, Inc.; ORDER DENYING PLAINTIFF'S MOTION TO STRIKE; Civ. No. 05-517 BMK.